UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION:
CASE NO.:
MAGISTRATE JUDGE:



CHARLIE P. FOOTMAN, JR.,

    Plaintiff,

6:03-cv-1623-ORL-18JGG

Vs.

WILLIAM D. McKNIGHT &
KATHRYN A. McKNIGHT, TRUSTEES,

    Defendant(s).

_____/

## COMPLAINT
(Temporary and Permanent Injunctive Relief Demanded)

Plaintiff, CHARLIE P. FOOTMAN, JR., (sometimes referred to herein as "Plaintiff") sues the Defendant(s), WILLIAM D. McKNIGHT & KATHRYN A. McKNIGHT, TRUSTEES, (sometimes jointly referred to as "Defendant"), for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

### JURISDICTION AND VENUE

1. This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a).

## THE PARTIES AND STANDING

6. Plaintiff, CHARLIE P. FOOTMAN, JR., is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. CHARLIE P. FOOTMAN, JR. has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and the services offered to the public at the property. Plaintiff has encountered architectural barriers at the subject property. Plaintiff, CHARLIE P. FOOTMAN, JR., is an amputee which renders him unable to ambulate without a wheelchair.

7. The barriers to access at the property described below have effectively denied or diminished Plaintiff's ability to visit the property and have endangered his safety. Barriers to access involving parking and path of travel at this property have posed a risk of injury to the Plaintiff. Every other barrier to access as described in this Complaint causes similar risk of injury, embarrassment or discomfort to the Plaintiff.

8. Plaintiff, CHARLIE P. FOOTMAN, JR., has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 15 of this Complaint.

9. Plaintiff, CHARLIE P. FOOTMAN, JR., desires to visit the Defendant's property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

11. Defendant owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Chevron service station/convenience store and is located at 2100 S. Orlando Ave., Cocoa Beach, Florida 32931. This place of public accommodation is an office building in which employment occurs and which is affecting commerce. Furthermore, there exists within the building service establishment as defined in Section 36.104, which must be accessed by individuals with disabilities, such as the Plaintiff.

## THE INSTANT CLAIM

12. Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a); in the alternative, if there has been an

alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

13. Appendix A to Part 36-Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

14. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below, and by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities as described below by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less):

**Space Allowance and Reach Ranges**

a.) Inadequate width space, passing space, clear floor or ground space, turning space and reach/side reach, violating Sections 4.2.1 - 4.2.6.

**Accessible Route**

a.) Noncompliance with walks, halls, corridors, violating Section 4.3.1.

b.) Noncompliance with location, violating Section 4.3.2.

c.) The width of an accessible route is not in compliance, violating Section 4.3.3.

d.) The passing space is inadequate or not in compliance, violating Section 4.3.4.

e.) Noncompliance with surface texture, violating Section 4.3.6

f.) The running slope is not in compliance, violating Section 4.3.7.

g.) Noncompliance with chances in level, violating Section 4.3.8.

h.) Doors along the accessible route are not in compliance, violating Section 4.3.9.

**Protruding Objects**

a.) Objects protruding from walls are not in compliance, violating Section 4.4.1.

**Ground and Floor Surfaces**

a.) Ground and floor surfaces are not in compliance, violating Section 4.5.1.

b.) Noncompliance regarding changes in floor level, violating Section 4.5.2.

**Parking and Passenger Loading Zones**

a.) Noncompliance with the minimum number of parking spaces, violating Section 4.6.1.

b.) Noncompliance with accessible parking location, violating Section 4.6.2.

c.) Parking spaces are not in compliance, violating Section 4.6.3.

d.) Signage for accessible parking is not in compliance, violating Section 4.6.4.

e.) Passenger loading zones are not in compliance, violating Section 4.6.6.

**Curb Ramps**

a.) Curb ramp is not provided where an accessible route crosses a curb, violating Section 4.7.1.

b.) Noncompliance of slope of the curb ramps, violating Section 4.7.2.

c.) Curb ramp is not the minimum width, violating Section 4.7.3.

d.) Curb ramp surface does not comply with 4.5, violating Section 4.7.4.

e.) Sides of curb ramp are not in compliance, violating Section 4.7.5.

f.) Curb ramps are open to obstruction, violating Section 4.7.8.

g.) Noncompliance of location at marked crossings, violating Section 4.7.9.

**Ramps**

a.) Noncompliance of accessible route ramp, violating Section 4.8.1.

b.) Noncompliance of accessible route ramp, violating Section 4.8.2.

c.) Noncompliance of accessible route ramp, violating Section 4.8.3.

d.) Noncompliance of accessible route ramp, violating Section 4.8.4.

e.) Noncompliance of accessible route ramp, violating Section 4.8.5.

f.) Cross slope and surfaces are not in compliance, violating Section 4.8.6.

g.) Ramp is not in compliance regarding design for outdoor conditions, violating Section 4.8.8.

**Doors**

a.) Doors are not in compliance with 4.1, violating Section 4.13.1.

b.) The doorway width is not in compliance, violating Section 4.13.5.

c.) Noncompliance with maneuvering clearances at doors, violating Section 4.13.6.

d.) Noncompliance with regulations concerning two doors in series, violating Section 4.13.7.

e.) The thresholds at doorways are not in compliance, violating Section 4.13.8.

f.) The door hardware is not in compliance, violating Section 4.13.9.

g.) The door closer is not in compliance, violating Section 4.13.10.

h.) The door opening force is not in compliance, violating Section 4.13.11.

**Water Closets**

a.) Accessible water closets do not comply generally, violating Section 4.16.1.

b.) Clear floor space is not in compliance, violating Section 4.16.2.

c.) Height is not in compliance, violating Section 4.16.3.

d.) Noncompliance with grab bars, violating Section 4.16.4.

e.) Noncompliance with flush controls, violating Section 4.16.5.

f.) Noncompliance with dispensers, violating Section 4.16.6.

**Lavatories and Mirrors**

a.) Violations of Section 4.19.1.

b.) Noncompliance with height and clearances, violating Section 4.19.2.

c.) Noncompliance with clear floor space, violating Section 4.19.3.

d.)   Pipes under lavatories are exposed, violating Section 4.19.4.

e.)   Faucets are not in compliance, violating Section 4.19.5.

f.)   Mirror mounting is not is compliance, violating Section 4.19.6.

**Toilet Rooms**

a.)   Noncompliance of doors accessible to toilet rooms, violating Section 4.22.2.

b.)   Clear floor space is not in compliance, violating Section 4.22.3.

c.)   Noncompliance with water closet regulations, violating Section 4.22.4.

d.)   The urinal does not comply with 4.18, violating Section 4.22.5.

e.)   The lavatories and/or mirrors do not comply with 4.19, violating Section 4.22.6.

f.)   Noncompliance of controls and dispensers, violating Section 4.22.7.

**Sinks**

a.)   Sinks required to be accessible by 4.1 violate Section 4.24.1.

b.)   Sink height is not in compliance, violating Section 4.24.2.

c.)   Clearance is not in compliance, violating Section 4.24.3.

d.)   Depth is not in compliance, violating Section 4.24.4.

e.)   Clear floor space is not in compliance, violating Section 4.24.5.

f.)   There are exposed pipes and surfaces, in violation of Section 4.24.6.

g.)   Noncompliance with faucet specifications, violating Section 4.24.7.

**Handrails, Grab Bars, and Tub and Shower Seats**

a.)   Handrails and grab bars are not accessible, violating Section 4.26.1.

b.)   Noncompliance with size and spacing of grab bars and handrails, violating Section 4.26.2

c.)   Noncompliance with structural strength, violating Section 4.26.3.

d.) Noncompliance with eliminating hazards by handrails and grab bars, violating Section 4.26.4.

### Controls and Operating Mechanisms

a.) Noncompliance with accessibility to controls and operating mechanisms, violating Section 4.27.1.

b.) Noncompliance with clear floor space, violating Section 4.27.2.

c.) The operation is not in compliance, violating Section 4.27.4.

### Signage

a.) Noncompliance with accessible signage, violating Section 4.30.1.

b.) Character proportion is not in compliance, violating Section 4.30.2.

c.) Character height is not in compliance, violating Section 4.30.3.

d.) Pictograms are not in compliance, violating Section 4.30.4.

e.) Finish and contrast are not in compliance, violating Section 4.30.5.

f.) The mounting location and height are not in compliance, violating Section 4.30.6.

g.) Symbols of accessibility are not in compliance, violating Section 4.30.7.

h.) Illumination levels are not in compliance, violating Section 4.30.8.

16. The discriminatory violations described in Paragraph 15 are not an exclusive list of the Defendant's ADA violations, Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

17. The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

18. Plaintiff has retained the undersigned counsel and is obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiff is entitled to recover these Attorneys' Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

20. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

21. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiff Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility either temporarily or permanently until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

A. A Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181, et seq.

B. A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make

reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.   An award of Attorneys' Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

D.   Such other relief at the Court deems just and proper.

                            Respectfully Submitted,

                            AGNES & ZITANI, CHARTERED
                            4046 Sawyer Road, Suite D
                            Sarasota, Florida 34233
                            Phone  (941) 552-0373
                            Fax      (941) 377-3886

By: _____
      Gregory A. Zitani
      Florida Bar No. 188956

Date: November 12, 2003